

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

LEV TSITRIN,

                              Plaintiff,

    -against-


ERIC VITALIANO,

                              Defendant.

-------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ OCT 23 2012 ★

BROOKLYN OFFICE

**MEMORANDUM & ORDER**

**11-CV-5589 (NGG) (MDG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis of absolute judicial immunity. For the reasons set forth below, Defendant's motion is GRANTED and the Complaint is DISMISSED with prejudice.

**I.    BACKGROUND**

On October 13, 2011, Plaintiff Lev Tsitrin filed this suit against Defendant, the Honorable Eric Vitaliano, United States District Judge for the Eastern District of New York, in New York Supreme Court, Kings County. (Compl. (Ex. A to Notice of Removal (Dkt. 1)).) Plaintiff alleges that as the judge who presided over a separate action he brought, Overview Books, LLC v. United States, 755 F. Supp. 2d 409 (E.D.N.Y. 2010) ("Overview Books II"), Judge Vitaliano "fraudulently" dismissed the case and caused Plaintiff a "loss of victory." (Compl. ¶ 22.)

Specifically, Plaintiff claims that Judge Vitaliano erroneously dismissed Plaintiff's complaint in Overview Books II on res judicata grounds. (See Compl.; Pl. Opp'n Mem. (Dkt.

1

11).) Plaintiff had filed a previous suit in the United States Court of Federal Claims that sought to invalidate the federal government's Cataloging in Publication program as a violation of the First and Fifth Amendments to the Constitution, which was dismissed. See Overview Books, LLC v. United States, 72 Fed. Cl. 37 (Cl. Ct. 2006) ("Overview Books I"). In the case before Judge Vitaliano, Plaintiff argued, among other things, that his suit was not barred by res judicata because the Court of Federal Claims did not have jurisdiction over his First Amendment claim. See Overview Books II, 755 F. Supp. 2d at 416-22. Judge Vitaliano rejected this argument and dismissed the case. Id. The Second Circuit affirmed summarily. Overview Books, LLC v. United States, 438 F. App'x 31 (2d Cir. Sept. 19, 2011).

On November 16, 2011, Defendant removed the instant case to this court (Notice of Removal), and on April 12, 2012, he moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis of absolute judicial immunity (Def. Mem. (Dkt. 10)).

## II.   STANDARD OF REVIEW

When considering a motion to dismiss for failure to state a claim for which relief can be granted, a court should assume all the facts the plaintiff alleges to be true and construe the complaint in the light most favorable to the plaintiff. See In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). Pro se litigants' allegations are construed liberally. Triestmann v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, "a complaint may be dismissed under Rule 12(b)(6) . . . when it is not 'legally sufficient' to state a claim upon which relief may be granted." Keitt v. N.Y. City, No. 09-CV-8508 (GBD) (DF), 2011 WL 4526147, at *10 (S.D.N.Y. Sept. 29, 2011) (citation omitted).

## III. DISCUSSION

### A. Defendant's Late Submission

As a preliminary matter, Plaintiff contends that Defendant's failure to submit the bundled motion to dismiss by April 2, 2012, as directed by the court, means that "the court must consider the argument conceded by defendant in plaintiff's favor as a matter of law." (Pl. Mot. to Consider Case Conceded (Dkt. 15) at 1.) As Defendant points out, although the court's actual order specified a return date of April 2, 2012, the corresponding ECF entry, or "bounce," does seem to state that the motion was due April 12, 2012[1] (see Jan. 27, 2012, Order (Dkt. 5)), and so Defendant asserts that this error was inadvertent (Apr. 17, 2012, Ltr. (Dkt. 16)).

Plaintiff's "motion" is denied. Although Defendant's counsel would do well to always check a court's actual order rather than rely on an ECF "bounce," Plaintiff has suffered no harm from the late filing. Defendant complied with the directive to serve his motion on Plaintiff by February 23, 2012, and Plaintiff received the same amount of time to respond to Defendant's motion as the court envisioned. Moreover, given the misleading ECF "bounce," the court accepts that Defendant's error was inadvertent and in good faith. (See id.) Accordingly, the court considers the substance of Defendant's motion. See Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd., 422 F.3d 72, 76 (2d Cir. 2005).

### B. Judicial Immunity

It is well-settled that judges acting within their official capacity enjoy absolute immunity from suit "'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (citation omitted). "'[J]udges should be at liberty to exercise their functions with independence

---

[1] Plaintiff stresses that the character before the "2" in the ECF "bounce" is actually the letter "l," not the number "1." (See Apr. 19, 2012, Ltr. (Dkt. 17).) Even so, a reasonable observer would read the ECF "bounce" as requiring that the motion was due on April 12, 2012.

3

and without fear of consequences.'" Pierson v. Ray, 386 U.S. 547, 554 (1967) (citation omitted). A judge is subject to liability for official acts only "when he acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Here, Plaintiff's allegations amount to no more than a claim that Judge Vitaliano wrongly dismissed Overview Books II. Indeed, Plaintiff devotes half of his brief explaining why the Court of Federal Claims wrongly decided Overview Books I, which presumably affects the validity of Judge Vitaliano's decision. (See Pl. Opp'n Mem. at 4-13.)

Plaintiff tries to avoid the application of judicial immunity by arguing that Judge Vitaliano "acted outside of . . . the judicial function when he acted as plaintiff's de-facto lawyer" by allegedly "substitute[ing] his decision [for] the plaintiff's attorney's" argument. (Id. at 13-15.) But the "substitution" to which Plaintiff refers is simply Judge Vitaliano's rejection of his attorney's argument; it is therefore a classic exercise of the judicial function. See Copeland v. Trotta, No. 12-CV-4020 (SJF) (AKT), 2012 WL 4503120, at *3 (E.D.N.Y. Sept. 28, 2012) ("Rendering . . . a decision of course falls squarely within the judicial function."). Plaintiff's Complaint is therefore dismissed.

## C.  Leave to Amend

Pro se plaintiffs are ordinarily afforded an opportunity to amend their complaint. See Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) ("'A pro se plaintiff . . . should be afforded an opportunity fairly free[ly] to amend his complaint.'" (citation omitted) (first alteration in original)). However, leave may be denied where amendment would be futile. See Fulton v. Goord, 591 F.3d 37, 45 (2d Cir. 2009).

Plaintiff could not add any plausible allegation to his Complaint that would render this suit viable—his action is absolutely barred by judicial immunity. Arguing the same claim before

4

four courts—the Court of Federal Claims, Judge Vitaliano, the Second Circuit, and now this court—is enough.

## IV.  CONCLUSION

Defendant's motion is GRANTED and the Complaint is DISMISSED with prejudice. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      October _19_, 2012

NICHOLAS G. GARAUFIS
United States District Judge