UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LEV TSITRIN,

                Plaintiff,

-against-


ERIC VITALIANO,

                Defendant.

**MEMORANDUM & ORDER**

**11-CV-5589 (NGG) (MDG)**

------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Plaintiff's motion for reconsideration of the court's decision granting Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis of absolute judicial immunity. For the reasons set forth below, Plaintiff's motion is DENIED.

**I.  BACKGROUND**

On October 13, 2011, Plaintiff Lev Tsitrin filed this suit against Defendant, the Honorable Eric Vitaliano, United States District Judge for the Eastern District of New York, in New York Supreme Court, Kings County. (Compl. (Ex. A to Notice of Removal (Dkt. 1)).) Plaintiff alleges that as the judge who presided over a separate action he brought, Overview Books, LLC v. United States, 755 F. Supp. 2d 409 (E.D.N.Y. 2010) ("Overview Books II"), Judge Vitaliano "fraudulently" dismissed the case and caused Plaintiff a "loss of victory." (Compl. ¶ 22.)

Specifically, Plaintiff claims that Judge Vitaliano erroneously dismissed Plaintiff's complaint in Overview Books II on res judicata grounds. (See Compl.; Pl. Opp'n Mem. (Dkt.

1

11).) Plaintiff had filed a previous suit in the United States Court of Federal Claims that sought to invalidate the federal government's Cataloging in Publication program as a violation of the First and Fifth Amendments to the Constitution, which was dismissed. See Overview Books, LLC v. United States, 72 Fed. Cl. 37 (Cl. Ct. 2006) ("Overview Books I"). In the case before Judge Vitaliano, Plaintiff argued, among other things, that his suit was not barred by res judicata because the Court of Federal Claims did not have jurisdiction over his First Amendment claim. See Overview Books II, 755 F. Supp. 2d at 416-22. Judge Vitaliano rejected this argument and dismissed the case. Id. The Second Circuit affirmed summarily. Overview Books, LLC v. United States, 438 F. App'x 31 (2d Cir. Sept. 19, 2011).

On November 16, 2011, Defendant removed the instant case to this court (Notice of Removal), and on April 12, 2012, he moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis of absolute judicial immunity (Def. Mem. (Dkt. 10)).

On October 19, 2012, the court granted Defendant's motion and dismissed the case with prejudice. (Oct. 19, 2012, Mem. & Order (Dkt. 18).) The court held that Judge Vitaliano was entitled to absolute judicial immunity because his rejection of Plaintiff's argument was "a classic exercise of the judicial function." (Id. at 4.)

Plaintiff now moves for reconsideration of this decision. (Recon. Mot. (Dkt. 20).) Plaintiff contends that this court erred by characterizing Judge Vitaliano's action as a "rejection" of his argument in Overview Books II, whereas Judge Vitaliano actually substituted his own position in lieu of Plaintiff's, and by dismissing this argument, Judge Vitliano rejected his "*own, complained-of* fraudulent and non-judicial substitution of plaintiff's attorney's actual legal argument." (Id. at 1-2 (emphasis in original).) On November 1, 2012, Judge Vitaliano filed an opposition. (Recon. Opp'n (Dkt. 21).) On November 6, 2012, Plaintiff replied. (Recon. Reply

2

(Dkt. 22).)

## II. STANDARD OF REVIEW

The standard for a motion for reconsideration is "strict." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such motions may be granted: (1) if the court overlooks critical facts; (2) if it overlooks controlling decisions that could have changed its decision, see id.; (3) in light of an intervening change in controlling law; (4) in light of new evidence; (5) to correct clear error; or (6) to prevent manifest injustice, see Virgin Atl. Airways v. Nat'l Mediation Bd., 965 F.2d 1245, 1255 (2d. Cir. 1992); see also Rollins v. N.Y. State Div. of Parole, No. 03-CV-5952 (NGG) (RLM), 2007 WL 539158, at *2 (E.D.N.Y. Feb. 16, 2007) ("A motion for reconsideration may be granted only if a court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority."). "A motion for reconsideration is 'not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion ... [n]or ... a chance for a party to take a 'second bite at the apple.'" WestLB AG v. BAC Fla. Bank, No. 11-CV-5398 (LTS) (AJP), 2012 WL 4747146, at *1 (S.D.N.Y. Oct. 4, 2012) (citations omitted). However, "[i]t is within the sound discretion of the district court whether or not to grant a motion for reconsideration." Markel Am. Ins. Co. v. Linhart, No. 11-CV-5094 (SJF) (GRB), 2012 WL 5879107, at *2 (E.D.N.Y. Nov. 16, 2012).

## III. DISCUSSION

Plaintiff argues that reconsideration is warranted because the "the entire basis of [this court's] decision to dismiss the case is factually wrong, and much of it is plainly bizarre." (Recon. Mot. at 3.) He is mistaken.

In essence, Plaintiff argues that this court erred by considering Judge Vitaliano's decision

dismissing Overview Books II as a rejection of Plaintiff's attorney's argument when in fact Judge Vitaliano misquoted Plaintiff's position and overruled a contention advanced by only Judge Vitaliano. (See id. at 1-2; Recon. Reply at 2 ("Judge Vitaliano clearly did not consider *plaintiff's attorney's* argument." (emphasis in original)).) This, according to Plaintiff, reveals that Judge Vitaliano acted outside the judicial role and therefore is not absolutely immune from suit. (See generally Recon. Mot.)

Even if Judge Vitaliano misconstrued Plaintiff's argument in Overview Books II, however, his allegedly erroneous decision is still a classic exercise of the judicial function. See Copeland v. Trotta, No. 12-CV-4020 (SJF) (AKT), 2012 WL 4503120, at *3 (E.D.N.Y. Sept. 28, 2012) ("Rendering such a decision [on a criminal matter] of course falls squarely within the judicial function."). It is of no moment that Judge Vitaliano's decision was allegedly mistaken because judges are entitled to absolute immunity for their official acts "however erroneous the act may have been." Cleavinger v. Saxner, 474 U.S. 193, 199 (1985) (citation omitted). Accordingly, Plaintiff provides no reason for the court to reconsider its previous decision.

## IV. CONCLUSION

Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
August 5, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

4